O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Case No. 8:15-CV-00932 (VEB)

DENISE J. BAILEY,

     Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

     Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In October of 2008, Plaintiff Denise Bailey applied for Supplemental Security Income ("SSI") benefits and Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, by and through her attorneys, Charles E. Binder and Harry J. Binder, LLP, Shanny J. Lee, Esq. of counsel, commenced this action seeking judicial review

1  of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383

2  (c)(3).

3      The parties consented to the jurisdiction of a United States Magistrate Judge.

4  (Docket No. 9, 11). On March 16, 2016, this case was referred to the undersigned

5  pursuant to General Order 05-07. (Docket No. 19).

6

7                      **II. BACKGROUND**

8      Plaintiff applied for SSI benefits and Disability Insurance Benefits on October

9  29, 2008, alleging disability beginning March 1, 2008. (T at 394-400).[1]   The

10  applications were denied initially and on reconsideration.   Plaintiff requested a

11  hearing before an Administrative Law Judge ("ALJ").

12      On July 9, 2010, a hearing was held before ALJ Wendy Weber. (T at 159).

13  Plaintiff appeared with her attorney and testified. (T at 166-79, 184, 185-86).  The

14  ALJ also received testimony from Dr. Sami Nafoosi, a medical expert (T at 179-84)

15  and Kelly Winn-Boaitey, a vocational expert (T at 185-90).

16      On July 9, 2010, ALJ Weber issued a written decision denying the

17  applications for benefits.  (T at 200-06).  The Appeals Council reversed ALJ's

18

19  [1] Citations to ("T") refer to the administrative record at Docket No. 16.

20

decision and remanded the matter for a new hearing and decision on March 10, 2011. (T at 212-14).

A second administrative hearing was held on September 12, 2011, before ALJ Joseph Lisiecki.  Plaintiff again appeared with her attorney and testified. (T at 143-53). The ALJ received testimony from Ms. Winn as a vocational expert (T at 154-57) and Dr. Samuel Landau, a medical expert. (T at 139-43).

On December 9, 2011, ALJ Lisiecki issued a decision denying the applications for benefits. (T at 218-28).   The Appeals Council reversed ALJ Lisiecki's decision and remanded the matter for a second time on November 8, 2012. (T at 236-38).

A third administrative hearing was held on June 25, 2013, again before ALJ Lisiecki.  Plaintiff appeared with her attorney and testified. (T at 115-28).  The ALJ received testimony from Ronald Hatakeyama, a vocational expert. (T at 128-32).

A fourth hearing was held on February 18, 2014, before ALJ Lisiecki. Plaintiff appeared with a non-attorney representative. (T at 92). The ALJ received testimony from Mr. Hatakeyama, as a vocational expert (T at 98-107), and Dr. Malcolm Brahms, a medical expert. (T at 95-97).

On February 27, 2014, ALJ Lisiecki issued a decision denying the applications for benefits. (T at 242-53).  On April 17, 2015, the Appeals Council

DECISION AND ORDER – BAILEY v COLVIN 8:15-CV-00932-VEB

declined review, making ALJ Lisiecki's second decision the Commissioner's final decision. (T at 1-6).

On June 11, 2015, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on October 21, 2015. (Docket No. 15). Plaintiff filed a supporting memorandum of law on November 19, 2015. (Docket No. 17).  The Commissioner filed an opposing memorandum of law on December 21, 2015. (Docket No. 18).

After reviewing the pleadings, memoranda of law, and administrative record, this Court finds that the Commissioner's decision should be affirmed and this case must be dismissed.

## III. DISCUSSION

**A.   Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of

DECISION AND ORDER – BAILEY v COLVIN 8:15-CV-00932-VEB

such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be

disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

DECISION AND ORDER – BAILEY v COLVIN 8:15-CV-00932-VEB

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner]  may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

DECISION AND ORDER – BAILEY v COLVIN 8:15-CV-00932-VEB

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.   Commissioner's Decision

ALJ Lisiecki determined that Plaintiff had not engaged in substantial gainful activity since April 11, 2002, the alleged onset date, and met the insured status requirements of the Social Security Act through September 30, 2007. (T at 245).[2] The ALJ found that Plaintiff's degenerative disc disease of the cervical and lumbar spine were "severe" impairments under the Act. (Tr. 245).

---

[2] Plaintiff amended her alleged onset date to March 1, 2008. (T at 167).  It further appears that the date last insured is June 30, 2008. (T at 113, 408).  This date discrepancy does not appear to have affected the outcome of the case.

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 246).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR § 416.967 (a), with the following limitations: she can frequently lift/carry up to 10 pounds; stand/walk for 2 hours in an 8-hour workday with normal breaks; sit for 6 hours in an 8-hour workday with normal breaks; needs the ability to stand and stretch for 1-3 minutes per hour; cannot lift from floor level or work from above shoulder level; can occasionally push/pull with upper extremities bilaterally between waist and shoulder heights; avoid extremes of neck motion; no climbing ladders, ropes, or scaffolds or working at heights or around dangerous machinery; and must avoid kneeling, stooping, crawling, balancing, and bending (with only occasional other postural activities). (T at 247).

The ALJ noted that Plaintiff could not perform her past relevant work in sales. (T at 252).  Considering Plaintiff's age (39 years old on the alleged onset date), education (at least high school), work experience (semi-skilled), and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 252-53).

DECISION AND ORDER – BAILEY v COLVIN 8:15-CV-00932-VEB

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between the alleged onset date and February 27, 2014 (the date of the decision) and was therefore not entitled to benefits. (T at 253). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D.    Disputed Issues**

Plaintiff offers three (3) main arguments in support of her claim that the Commissioner's decision should be reversed.   First, she challenges the ALJ's conclusion that her mental health impairments are not severe.   Second, Plaintiff contends that the ALJ did not adequately assess the medical opinion evidence. Third, she challenges the ALJ's credibility determination.   This Court will address each argument in turn.

## IV. ANALYSIS

**A.    Step Two Analysis**

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a "severe" impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c).   The fact that a claimant has been diagnosed with and treated for a medically determinable impairment does not necessarily mean the impairment is

DECISION AND ORDER – BAILEY v COLVIN 8:15-CV-00932-VEB

"severe," as defined by the Social Security Regulations. *See, e.g.*, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). To establish severity, the evidence must show the diagnosed impairment significantly limits a claimant's physical or mental ability to do basic work activities for at least 12 consecutive months. 20 C.F.R. § 416.920(c).

The step two analysis is a screening device designed to dispose of *de minimis* complaints. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "[A]n impairment is found not severe . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen*, 841 F.2d 303 (9th Cir. 1988) (quoting SSR 85-28).

The claimant bears the burden of proof at this stage and the "severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28. Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers, and usual work situation." *Id.*

1  In this case, the ALJ found that Plaintiff's medically determinable impairment

2  of "depression" did not cause more than a minimal limitation in her ability to

3  perform basic mental work activities and was, therefore, non-severe. (T at 245).

4  Plaintiff challenges this finding.  For the following reasons, this Court finds the

5  ALJ's decision supported by substantial evidence.

6  First, Plaintiff notes that the ALJ discussed "depression" in the step two

7  analysis, but did not specifically reference bipolar disorder and/or anxiety disorder,

8  both of which were noted in the record. (T at 852, 1256, 1268, 1401).  Although this

9  is correct, and while the ALJ should have referenced all of the diagnosed

10  impairments, there is no indication that this oversight impacted the ALJ's decision.

11  In particular, Plaintiff does not point to any evidence neglected or

12  misinterpreted simply because the ALJ did not specifically use the words "bipolar"

13  or "anxiety."  In other words, Plaintiff does not explain how the ALJ's decision

14  would have been different if specific reference to those conditions was made.  Thus,

15  while it was error to neglect to specifically mention those conditions, the error did

16  not impact the decision and was, thus, harmless.  *See Stout v. Comm'r, Soc. Sec.*

17  *Admin.*, 454 F.3d 1050, 1054-55 (9th Cir. 2006) (describing the harmless error test

18  as whether "the ALJ's error did not materially impact his decision"); *Robbins v. Soc.*

19

20

DECISION AND ORDER – BAILEY v COLVIN 8:15-CV-00932-VEB

*Sec. Admin.*, 466 F.3d 880, 885 (9th Cir.2006) (holding that an error is harmless if it was "inconsequential to the ultimate nondisability determination").

This Court's determination would be different if the ALJ had neglected to discuss relevant medical records or opinions concerning Plaintiff's mental health impairments.  Instead, the ALJ summarized all of the evidence (including the evidence referencing bipolar disorder and anxiety), explained the weight afforded to that evidence, and offered detailed findings in support of the conclusion that Plaintiff's mental health impairments caused no more than a minimal limitation in the ability to perform basic work activities. (T at 246).  This was sufficient and the ALJ's error in failing to specifically reference anxiety and bipolar disorder was harmless.

Plaintiff also challenges the ALJ's consideration of the opinion provided by Dr. Cat Dang, a treating psychiatrist.  In June of 2013, Dr. Dang completed a Psychiatric/Psychological Impairment Questionnaire.  Dr. Dang diagnosed bipolar disorder, mixed state; generalized anxiety disorder, and ADHD. (T at 1256).  He assigned a Global Assessment of Functioning ("GAF")[3] score of 45 (T at 1256), which is indicative of serious impairment in social, occupational or school

---

[3] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – BAILEY v COLVIN 8:15-CV-00932-VEB

functioning.  *Haly v. Astrue*, No. EDCV 08-0672, 2009 U.S. Dist. LEXIS 76881, at *12-13 (Cal. CD Aug. 27, 2009).

In sum, Dr. Dang assessed marked limitations with regard to Plaintiff's ability to remember locations and work-like procedures, maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, be punctual within customary tolerance, work in coordination with or proximity to others without being distracted by them, and the ability to complete a normal workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (T at 1259-60).  He opined that Plaintiff had marked limitations with regard to nearly all social interaction and adaptation skills. (T at 1260).  Dr. Dang reported that Plaintiff was incapable of even "low stress" work. (T at 1262).  He opined that Plaintiff's symptoms and limitations began "15 years ago." (T at 1263).

The ALJ afforded little weight to Dr. Dang's opinion.  (T at 246).  This decision was supported by substantial evidence.  Dr. Dang had a limited treatment history with Plaintiff, lasting only a few months (April – June 2013). (T at 1399, 1406).  Moreover, it is relevant that Dr. Dang began treating Plaintiff in 2013, long after the alleged onset date (March 1, 2008) and date last insured (June 30, 2008).

DECISION AND ORDER – BAILEY v COLVIN 8:15-CV-00932-VEB

While a medical opinion may not be disregarded simply because it is retrospective, *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006), a claimant seeking disability insurance benefits still must establish disability prior to the date last insured. *See Webb v. Barnhart*, 433 F.3d 683, 690 (9th Cir. 2005).

Here, Dr. Dang opined that Plaintiff's extremely severe mental health impairments began sometime in 1998 (15 years before 2013), a decade before the alleged onset date. However, Dr. Dang provided no explanation as to how the "15 year" estimate was arrived at and provided no references to objective evidence to support the estimate.

The ALJ is not obliged to accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)). It appears this aspect of Dr. Dang's opinion was based solely upon Plaintiff's self-reports, which the ALJ found not credible for the reasons discussed below. The lack of medical support for a physician's opinion based substantially on a claimant's subjective complaints is a legitimate reason for disregarding a treating physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995). Accordingly, this Court finds no error in the ALJ's decision to discount Dr. Dang's opinion, which was rendered 5

years after the date last insured, based on a very limited treating relationship, and lacking any clinical foundation for the retrospective portion of the assessment.

Plaintiff also faults the ALJ for stating that she had not been engaged in "on-going psychiatric treatment." (T at 246). Plaintiff notes that, in fact, she had been taking Xanax as prescribed by her family physician. (T at 709-22, 726-29). However, this argument arises from a difference in definition. The ALJ was aware of the management of Plaintiff's mental health symptoms via medication prescribed by the family physician and, indeed, referenced it in the very same sentence in which the ALJ noted that there was no evidence of on-going "psychiatric treatment." (T at 246). Thus, it is clear that the ALJ defined "psychiatric treatment" as something more involved than prescription treatment by a family doctor (e.g. counseling, psychotherapy by a psychologist or psychiatrist). There is no evidence that Plaintiff ever sought or received such treatment during the relevant time period.

In addition, Plaintiff recognized and sought help for her mental health symptoms (in the form of medication prescribed by her doctor), but apparently did not feel the need, between the alleged onset date and date last insured, to seek psychiatric treatment. The ALJ reasonably concluded that a person with impairments as severe as those assessed by Dr. Dang would have sought more aggressive treatment and that this inconsistency was a reason for discounting Dr.

DECISION AND ORDER – BAILEY v COLVIN 8:15-CV-00932-VEB

Dang's opinion.   Although the lack of treatment cannot form the sole basis for rejecting claims of disabling symptoms, an ALJ may consider a claimant's unexplained or inadequately explained failure to seek treatment. *Tommasetti   v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)(citation omitted).

The ALJ also reasonably cited Plaintiff's activities of daily living, which included using a computer, taking walks, and caring for her grandchildren, as inconsistent with Dr. Dang's very severe assessment. (T at 246).  Plaintiff offers an alternative reading of the evidence, to the effect that Plaintiff's performance of these activities is limited by her impairments.

However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.   If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision was supported by substantial evidence and must therefore be sustained.  *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

DECISION AND ORDER – BAILEY v COLVIN 8:15-CV-00932-VEB

**B.       Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's medical opinion.  For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical findings and objective observations. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

DECISION AND ORDER – BAILEY v COLVIN 8:15-CV-00932-VEB

Plaintiff argues that the ALJ improperly discounted the opinions of several medical providers. This Court will summarize the opinions and then discuss the ALJ's consideration of those opinions.

### 1.      Dr. Winkle

On July 6, 2010, Dr. Richard J. Winkle, a treating physician, wrote a letter noting that Plaintiff had "extensive degenerative disc disease in her lumbar and cervical spine." (T at 792). Dr. Winkle did not "recommend" work "at this time due to pending treatment." (T at 792).

During that same month, Dr. Winkle completed a questionnaire, wherein he opined that Plaintiff could sit for 2 hours in an 8-hour workday and stand/walk for 2 hours in an 8-hour workday. (T at 849). He concluded that she could occasionally lift/carry 5-10 pounds, but never more than that. (T at 850). Dr. Winkle assessed significant limitations with regard to repetitive reaching, handling, fingering, or lifting. (T at 850). He opined that Plaintiff's symptoms were likely to increase if she was placed in a competitive work environment and that her experience of pain, fatigue, or other symptoms was severe enough to frequently interfere with her attention and concentration. (T at 851-52). Dr. Winkle indicated that Plaintiff was capable of low stress work. (T at 852). He opined that Plaintiff would likely be absent from work 2-3 times per month due to her impairments or treatments. (T at

DECISION AND ORDER – BAILEY v COLVIN 8:15-CV-00932-VEB

853).  Dr. Winkle submitted another questionnaire with the same findings in May of 2013. (T at 1265-68).

In a letter dated September 15, 2013, Dr. Winkle stated that Plaintiff experienced constant pain along her cervical and lumbar spine. (T at 1408).  He opined that the condition significantly limits her ability to work and explained that she would be unable to sit/stand/walk for more than 2 hours during an 8-hour workday. (T at 1408).  Dr. Winkle concluded that Plaintiff's pain and other symptoms would frequently interfere with her attentiveness and concentration and would render her incapable of tolerating anything more than low stress work. (T at 1408).

### 2.       Dr. Khan

Dr. Zafar Khan, a treating physician, completed an impairment questionnaire in September 2010.  Dr. Khan diagnosed cervical radiculopathy. (T at 890).  He described Plaintiff's pain as constant and frequent. (T at 892).  Dr. Khan opined that Plaintiff could sit for 0-1 hours in an 8-hour workday and stand/walk for 0-1 hours. (T at 892).  He concluded that she could occasionally lift 5-10 pounds and carry 0-6 pounds and had significant limitations in doing repetitive reaching. (T at 893).  Dr. Khan explained that Plaintiff's experience of pain, fatigue, or other symptoms was severe enough to constantly interfere with her attention and concentration. (T at

895). Dr. Khan indicated that Plaintiff was capable of low stress work. (T at 895). He opined that Plaintiff would likely be absent from work more than 3 times per month due to her impairments or treatments. (T at 896). Dr. Khan completed a questionnaire with substantially the same findings in August of 2011. (T at 1085-89). In March of 2011, a letter from Dr. Khan's office explained that Plaintiff was "unable to work." (T at 884).

### 3.    Dr. Williams

Dr. Lytton Williams evaluated Plaintiff in August of 2011. He diagnosed degenerative disc disease and lumbar spinal stenosis at L4-L5 and degenerative disc disease at C5-C6 and C6-C7 with radiculopathy. (T at 1095). He opined that Plaintiff was "disabled" due to neck and arm pain. (T at 1095). Dr. Williams concluded that Plaintiff could sit/stand/walk for 0-1 hours in an 8-hour workday. (T at 1107). He assessed that Plaintiff could frequently lift/carry 0-5 pounds and occasionally lift/carry 5-10 pounds. (T at 1108). Dr. Williams explained that Plaintiff's experience of pain, fatigue, or other symptoms was severe enough to constantly interfere with her attention and concentration. (T at 1110). He opined that she was incapable of even low stress work and had "all bad days." (T at 1111). Dr. Williams described Plaintiff as "totally disabled." (T at 1111).

DECISION AND ORDER – BAILEY v COLVIN 8:15-CV-00932-VEB

### 4.     ALJ's Consideration of Opinion Evidence

Following an extensive review of the medical record and detailed discussion, the ALJ afforded light weight to the opinions of Drs. Winkle, Khan, and Williams. (T at 247-52).   For the following reasons, this Court finds the ALJ's decision supported by substantial evidence.

First, the ALJ concluded that the treatment records were not consistent with the severe limitations identified in the questionnaires completed by the physicians. Although complaints of pain and limitation were certainly noted, the ALJ reasonably concluded that those notations were not as extensive as one would expect if the level of pain and limitation were as severe as assessed.  In other words, while the treating physicians opined that Plaintiff's pain was so severe that it would consistently interfere with her concentration and prevent her from performing anything more than "low stress" work, the ALJ provided appropriate reasons for discounting these severe limitations.

For example, the complaints noted by Dr. Winkle in his treatment notes generally consisted of urinary symptoms, women's health issues, and other more general maladies. (T at 250-51, 713-32, 757-90, 899-915, 1189-1255, 1419-31). While Dr. Williams found decreased sensation in the back of the arm and mildly decreased range of motion in Plaintiff's cervical and lumbar spine, Plaintiff had

normal neurological function testing, normal gait, normal spinal cord function test, normal nerve reflexes, and reduced grip strength, but no generalized weakness in the upper extremities. (T at 1095).  She also had normal motor strength and straight leg raise test was negative. (T at 1095).  In April of 2008, Plaintiff was noted to have full range of motion in all extremities, and no tenderness on musculoskeletal examination. (T at 666).  In January of 2009, she had mildly reduced range of motion in her spine, with normal gait, normal motor strength and sensation, full range of motion in the extremities, and a negative straight leg raise test. (T at 735-37).  An examination in April of 2010 indicated no neurologic deficits, full motor strength, normal sensation, and full range of motion in the extremities. (T at 802).

The ALJ reasonably relied on these discrepancies when deciding to discount the provider opinions.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).  In other words, the ALJ reasonably concluded that, if Plaintiff had pain severe enough to limit her to "low stress work," that pain would be more extensively documented in the treatment notes.

Second, the ALJ reviewed in detail the findings of multiple x-ray, MRI, and bone density tests, and found them inconsistent with the severe limitations assessed

DECISION AND ORDER – BAILEY v COLVIN 8:15-CV-00932-VEB

by the medical providers and, in particular, noted that there were no diagnostic tests (e.g. EMG/nerve conduction studies) to confirm the diagnosis of radiculopathy.  (T at 250).

Plaintiff offers a differing interpretation of this evidence and contends that the ALJ "played doctor" by interpreting the x-ray, MRI, and other findings.  However, the ALJ's review of the evidence was supported by the assessment of Dr. Malcolm Brahm, a medical expert, who completed a Medical Source Statement and Medical Interrogatories in August of 2013.

Dr. Brahms reviewed the medical record and opined that Plaintiff could perform sedentary work with limitations consistent with those included in the ALJ's RFC determination. (T at 1409-16). Dr. Brahm explained that the records showed that Plaintiff had degenerative disc disease of the cervical spine and lumbar spine, but he found no evidence of stenosis or arthritic changes. (T at 1416).  He likewise found no evidence to support the alleged symptoms of numbness, tingling, or significant radicular pain. (T at 95-96).

In addition, Dr. Joseph T. Culverwell performed an orthopedic consultative examination in January of 2009 and concluded that Plaintiff had chronic low back syndrome, but opined that Plaintiff could perform medium work. (T at 249, 735-37). In that same month, Dr. V. Height, a State Agency review physician, concluded that

Plaintiff could perform medium work with frequent postural limitations. (T at 739-43).

The ALJ found Dr. Brahms's more restrictive assessment, which was based on a review of the entire record, more persuasive than the findings of Drs. Treadwell and Height, but all three assessments provide support for the decision to discount the extremely restrictive opinions of Drs. Winkle, Khan, and Williams.

"The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see also see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

Once again, Plaintiff offers a detailed and vigorous alternative interpretation of the evidence.  However, an ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). If the evidence supports more than one rational interpretation,

DECISION AND ORDER – BAILEY v COLVIN 8:15-CV-00932-VEB

this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984).  This standard was satisfied here.

## C.    Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

DECISION AND ORDER – BAILEY v COLVIN 8:15-CV-00932-VEB

In this case, Plaintiff was 45 years old on the amended alleged onset date (March 1, 2008). (T at 167, 394).  Her last employment was in the photo department at a drugstore, but she could not sustain the work because of pain in her legs and numbness in her arms. (T at 167, 169).  She believes she cannot work due to lower back pain that radiates into her right leg and neck pain, with pain and numbness radiating into her arms. (T at 170, 175-76).  Plaintiff also cites depression and anxiety as significant issues. (T at 171, 177-78).

She alternated staying with her sister and mother before moving in with her daughter. (T at 170).  She drives on a limited basis, cooks simple meals, and performs a few household chores. (T at 173-75).  She performs home exercise as recommended by her physician infrequently. (T at 146, 150).  Her neck pain is constant. (T at 119).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 251).

For the reasons that follow, this Court finds the ALJ's decision consistent with applicable law and supported by substantial evidence.

DECISION AND ORDER – BAILEY v COLVIN 8:15-CV-00932-VEB

First, with regard to her complaints of disabling mental health symptoms, the ALJ reasonably discounted Plaintiff's credibility for the reasons stated in Section A above.  There was a lack of psychiatric treatment during the relevant time period.  Plaintiff did not seek such treatment until 2013, even though she had insurance coverage in 2010 (T at 171, 1256). There is no credible evidence that her psychiatric impairments prevented her from understanding the need for treatment (indeed, she sought prescription treatment from her family physician).   Under these circumstances, the ALJ acted within his discretion in concluding that one would have expected Plaintiff to seek psychiatric treatment much sooner if her symptoms were as severe as alleged. *See Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012)("Although [claimant] provided reasons for resisting treatment, there was no medical evidence that … resistance was attributable to her mental impairment rather than her own personal preference, and it was reasonable for the ALJ to conclude that the 'level or frequency of treatment [was] inconsistent with the level of complaints.'")(quoting SSR 96-7p).

Second, to the extent Plaintiff alleged disabling pain and physical limitations, these allegations are inconsistent with the medical record, as interpreted by the ALJ.  As discussed above, that interpretation is supported by substantial evidence.  An ALJ may properly discount subjective complaints where, as here, they are

contradicted by medical evidence, as interpreted by the ALJ. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ also noted that Plaintiff could cook, use a computer, take walks, help care for her grandchildren and move furniture. (T at 251).   When assessing a claimant's credibility, the ALJ may employ "ordinary techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Activities of daily living are a relevant consideration in assessing a claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Although the claimant does not need to "vegetate in a dark room" to be considered disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount a claimant's testimony to the extent his or her activities of daily living "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2011).

For the reasons outlined above, this Court finds no reversible error with regard to the ALJ's credibility determination.

DECISION AND ORDER – BAILEY v COLVIN 8:15-CV-00932-VEB

# V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

DECISION AND ORDER – BAILEY v COLVIN 8:15-CV-00932-VEB

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court file this Decision and Order and serve copies upon counsel for the parties.

DATED this 31st day of October, 2016,


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – BAILEY v COLVIN 8:15-CV-00932-VEB